MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------X
JULIO CESAR HERNANDEZ and
ANSELMO TEHUITZIL, *individually and on*
*behalf of others similarly situated,*

|  |  |
|---|---|
| *Plaintiffs*, | **COMPLAINT** |
|  | **COLLECTIVE ACTION UNDER** |
| -against- | **29 U.S.C. § 216(b)** |
|  | **ECF Case** |
| BISTRO MARKETPLACE 17 INC. (d/b/a |  |
| CAFÉ BISTRO), PETER PARK, and WON |  |
| SUN CHUN, |  |

                                    *Defendants*.
------------------------------------------------------X

Plaintiffs Julio Cesar Hernandez and Anselmo Tehuitzil, individually and on behalf of others similarly situated (collectively, "Plaintiffs"), by and through their attorneys, Michael Faillace & Associates, P.C., upon their knowledge and belief, and as against defendants Bistro Marketplace 17 Inc. (d/b/a Café Bistro), Peter Park, and Won Sun Chun (collectively, "Defendants"), allege as follows:

<u>**NATURE OF THE ACTION**</u>

1.      Plaintiffs were employees of Bistro Marketplace 17 Inc. (d/b/a Café Bistro), Peter Park, and Won Sun Chun.

2.      Defendants own, operate, and/or control a restaurant located at 312 W. 34th Street, New York, New York 10018 under the name "Café Bistro."

3.      Upon information and belief, defendants Peter Park and Won Sun Chun serve or served as owners, managers, principals or agents of defendant Bistro Marketplace 17 Inc. ("Defendant Corporation"), and, upon information and belief, through this corporate entity, operate or operated the restaurant known as "Café Bistro" as a joint or unified enterprise.

4.      Plaintiffs were employed by Defendants as assistant sushi preparer and salad preparer.

5.      Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate compensation for the hours over 40 per week that they worked.

6.      Defendants failed to maintain accurate recordkeeping of their hours worked, and failed to pay Plaintiffs appropriately for any hours worked over 40.

7.      Further, Defendants failed to pay Plaintiffs the required "spread of hours" pay for any day in which they worked over 10 hours.

8.      Defendants' conduct extends beyond Plaintiffs to all other similarly situated employees.  At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

9.      Plaintiffs bring this action on behalf of themselves and other similarly situated individuals for unpaid overtime wages pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*; the New York Labor Law (NYLL) §§ 650 et seq. and regulations, 12 N.Y.C.R.R. § 142-2.2); and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

10.    Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of the Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

11.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question); 29 U.S.C. §§ 201 *et seq.* (FLSA); and 28 U.S.C. § 1367(a) (supplemental jurisdiction over state law claims).

12.    Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants maintain their headquarters and offices within this district, and Defendants operate a restaurant located in this district. Further, Plaintiffs were employed by Defendants in this district.

## THE PARTIES

13.    Plaintiffs consent to being party plaintiffs pursuant to 29 U.S.C. 216(b), and bring these claims, based upon the allegations herein, as representative parties of a prospective class of similarly situated individuals under 29 U.S.C. 216(b).

### *Individual Plaintiffs*

14.    Plaintiff Julio Cesar Hernandez ("Plaintiff Hernandez" or "Mr. Hernandez") is an adult individual residing in Queens County, New York. Mr. Hernandez was employed by Defendants from approximately February 2015 until on or about August 28, 2017.

15.    Plaintiff Anselmo Tehuitzil ("Plaintiff Tehuitzil" or "Mr. Tehuitzil") is an adult individual residing in Bronx County, New York. Mr. Tehuitzil was employed by Defendants from approximately July 2016 until on or about August 25, 2017.

### *Defendants*

16.     At all times relevant to this Complaint, Defendants owned, operated, and/or controlled a restaurant located at 312 W. 34th Street, New York, New York 10018 under the name "Café Bistro."

17.     Upon information and belief, Bistro Marketplace 17 Inc., is a corporation organized and existing under the laws of the State of New York.  Upon information and belief, it maintains its principal place of business at 312 W. 34th Street, New York, New York 10018.

18.     Defendant Peter Park is an individual engaging in business in this judicial district during the relevant time period. Defendant Peter Park is sued individually and in his capacity as, on information and belief, an owner, officer and/or agent of the Defendant Corporation.

19.     Upon information and belief, Defendant Peter Park possesses or possessed operational control over the Defendant Corporation, possesses or possessed an ownership interest in the Defendant Corporation, and controls or controlled significant functions of the Defendant Corporation. He determined the wages and compensation of the Defendants' employees, including Plaintiffs, established the schedules of the employees, maintained employee records and had the authority to hire and fire employees.

20.     Defendant Won Sun Chun is an individual engaging in business in this judicial district during the relevant time period. Defendant Won Sun Chun is sued individually and in his capacity as, on information and belief, an owner, officer and/or agent of the Defendant Corporation.

21.     Upon information and belief, Defendant Won Sun Chun possesses or possessed operational control over the Defendant Corporation, possesses or possessed an ownership interest in the Defendant Corporation, and controls or controlled significant functions of the Defendant Corporation. He determined the wages and compensation of the Defendants' employees, including

Plaintiffs, established the schedules of the employees, maintained employee records and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

### *Defendants Constitute Joint Employers*

22.    As alleged above, Defendants operate a restaurant located in the Midtown West area of Manhattan.

23.    Defendants maintain as their principal place of business a centralized office which is located at the same address as the restaurant.

24.    Upon information and belief, Defendants Peter Park and Won Sun Chun possessed operational control over Defendant Corporation, possessed an ownership interest in the Defendant Corporation and controlled significant functions of the Defendant Corporation.

25.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

26.    Each Defendant possesses substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs and all similarly situated individuals referred to herein.

27.    Defendants jointly employed Plaintiffs, and all similarly situated individuals, and were their (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

28.    In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

29.    Upon information and belief, Individual Defendants Peter Park and Won Sun Chun operate the Defendant Corporation as either an alter ego of themselves, and/or fail to operate the

Defendant Corporation as an entity legally separate and apart from themselves by, among other things:

    a)  failing to adhere to the corporate formalities necessary to operate the Defendant Corporation as a separate and legally distinct entity;

    b)  defectively forming or maintaining the Defendant Corporation by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

    c)  transferring assets and debts freely between all Defendants;

    d)  operating the Defendant Corporation for their own benefit as the sole or majority shareholders;

    e)  operating the Defendant Corporation for their own benefit and maintaining control over it as  a closed corporation or closely held controlled entity;

    f)  intermingling assets and debts of their own with the Defendant Corporation; and

    g)  other actions evincing a failure to adhere to the corporate form.

30.    At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and NYLL.  Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment and determined the rate and method of any compensation in exchange for their services.

31.    In each year from 2015 to 2017, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

32.    In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce.  For example, numerous items that were used in the

restaurant on a daily basis, such as food and condiments, were produced outside of the State of New York.

*Plaintiffs*

33.     Plaintiffs were former employees of defendants, primarily employed in performing the duties of assistant sushi preparer and salad preparer.

34.     Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C.216 (b).

*Plaintiff Julio Cesar Hernandez*

35.     Mr. Hernandez was employed by Defendants from approximately February 2015 until August 28, 2017.

36.     At all times relevant to this Complaint, Mr. Hernandez was employed by Defendants as an assistant sushi preparer.

37.     Mr. Hernandez's work duties required neither discretion nor independent judgment.

38.     Mr. Hernandez regularly handled goods in interstate commerce, such as produce, olive oil, meat and other supplies produced outside of the State of New York.

39.     Throughout his employment with Defendants, Mr. Hernandez regularly worked in excess of 40 hours per week.

40.     From approximately February 2015 until on or about January 2017, Mr. Hernandez worked from approximately 6:00 a.m. until on or about 4:00 p.m. Mondays through Fridays (typically 50 hours per week).

41.     From approximately January 2017 until on or about August 28, 2017, Plaintiff Hernandez worked from approximately 6:00 a.m. until on or about 3:00 p.m. Mondays through Fridays (typically 45 hours per week).

42.    Throughout his employment, defendants paid Mr. Hernandez his wages in cash.

43.    From approximately February 2015 until on or about January 2017, Defendants paid Plaintiff Hernandez $10.00 per hour.

44.    From approximately January 2017 until on or about August 28, 2017, defendants paid Plaintiff Hernandez $12.00 per hour.

45.    Prior to November 2016, Plaintiff Hernandez was not required to keep track of his time, nor to his knowledge, did defendants utilize any time tracking device, such as sign in sheets or punch cards, to accurately reflect his actual hours worked.

46.    Instead, defendants required Plaintiff Hernandez to sign a document, the contents of which he was not allowed to read, in order to get his weekly paycheck.

47.    Prior to January 2017, defendants did not provide Plaintiff Hernandez with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

50.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Hernandez regarding overtime and wages under the FLSA and NYLL.

51.    Defendants never provided any notice to Plaintiff Hernandez in English and in Spanish (Plaintiff Hernandez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Anselmo Tehuitzil*

52.    Mr. Tehuitzil was employed by Defendants from approximately July 2016 until on or about August 25, 2017.

53.    At all times relevant to this Complaint, Mr. Tehuitzil was an employee of Defendants employed to work as a salad preparer.

54.    Mr. Tehuitzil's work duties required neither discretion nor independent judgment.

55.     Mr. Tehuitzil regularly handled goods in interstate commerce, such as produce, olive oil, fish and other supplies produced outside of the State of New York.

56.     Throughout his employment with Defendants, Mr. Tehuitzil regularly worked in excess of 40 hours per week.

57.     From approximately July 2016 until on or about January 2017, Mr. Tehuitzil worked from approximately 6:00 a.m. until on or about 4:00 p.m. Mondays through Fridays and from approximately 6:00 a.m. until on or about 11:00 a.m. on Sundays (typically 55 hours per week).

58.     From approximately January 2017 until on or about August 25, 2017, Mr. Tehuitzil worked from approximately 6:00 a.m. until on or about 3:00 p.m. Mondays through Fridays and from approximately 7:00 a.m. until on or about 11:00 a.m. on Sundays (typically 49 hours per week).

59.     Throughout his employment, defendants paid Plaintiff Tehuitzil his wages in cash.

60.     From approximately July 2016 until on or about January 2017, Defendants paid Plaintiff Tehuitzil a fixed salary of $580.00 per week.

61.     From approximately January 2017 until on or about August 25, 2017, Defendants paid Plaintiff Tehuitzil $11.00 per hour.

62.     Prior to May 2017, Plaintiff Tehuitzil was not required to keep track of his time, nor to his knowledge, did Defendants utilize any time tracking device, such as sign in sheets or punch cards, to accurately reflect his actual hours worked.

63.     Instead, defendants required Plaintiff Tehuitzil to sign a false document in order to get his weekly paycheck.

64.     Defendants never provided Plaintiff Tehuitzil an accurate statement of wages with

each payment of wages, as required by NYLL 195(3).

67.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Tehuitzil regarding overtime and wages under the FLSA and NYLL.

68.     Defendants never provided any notice to Plaintiff Tehuitzil in English and in Spanish (Plaintiff Tehuitzil's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

69.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs, and all similarly situated employees, to work in excess of forty (40) hours per week without paying them appropriate overtime compensation and "spread of hours" pay, as required by federal and state laws.

70.     Defendants did not pay Plaintiffs, and all similarly situated employees, for their overtime pay or spread-of-hours pay.

71.     All Plaintiffs were paid their wages entirely in cash.

72.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

73.     Instead, defendants required Plaintiffs to sign a false document in order to get their weekly paycheck.

74.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

75.    Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

76.    Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated current and former employees.

77.    Defendants failed to post required wage and hour posters in the workplace, and did not provide Plaintiffs, and all similarly situated employees, with statutorily required wage and hour records or statements of their pay received.

78.    Upon information and belief, Defendants failed to provide the required wage and hour records or post the required notices in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of their employees' relative lack of sophistication in wage and hour laws.

79.    Defendants did not provide Plaintiffs, and all similarly situated employees, with any document or other statement accurately accounting for their actual hours worked and setting forth the minimum wage rate and overtime wage.

80.    Upon information and belief, this was done to disguise the actual number of hours the employees worked, and to avoid paying them properly for (1) their full hours worked, and (2) overtime due.

81.    Plaintiffs' experience is representative of all those who were similarly situated, who have worked for the Defendants, who were paid in cash and never received any document or statement that stated the rate of pay or actual number of hours worked.

82.     Defendants failed to provide Plaintiffs, and other similarly situated employees, with wage statements at the time of payment of wages containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

83.     Defendants failed to provide Plaintiffs, and other similarly situated employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

84.     Plaintiffs bring their FLSA overtime and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class"), *i.e.*, persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of this Complaint (the "FLSA Class Period").

85.     At all relevant times, Plaintiffs were similarly situated to other members of the FLSA Class in that they had substantially similar job requirements and pay provisions and were subject to Defendants' common practices, policies, programs, procedures, protocols and plans, including willfully failing and refusing to pay them the required overtime, and willfully failing to keep records required by the FLSA.

86.     The claims of Plaintiffs stated herein are similar to those of the other similarly situated employees.

## FIRST CAUSE OF ACTION

### (VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)

87.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

88.     Defendants, in violation of the FLSA, failed to pay Plaintiffs and the FLSA class members overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207(a)(1).

89.     Defendants' failure to pay Plaintiffs and the FLSA Class members overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

90.     Plaintiffs and the FLSA class members were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### (VIOLATION OF THE OVERTIME PROVISIONS OF THE

### NEW YORK LABOR LAW)

91.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

92.     Defendants, in violation of NYLL Art. 19 and 12 N.Y.C.R.R. § 142-2.2, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

93.     Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of NYLL § 663.

94.     Plaintiffs were damaged in an amount to be determined at trial.

<u>**THIRD CAUSE OF ACTION**</u>

**(VIOLATION OF THE SPREAD OF HOURS WAGE ORDER**

**OF THE NEW YORK COMMISSIONER OF LABOR)**

95.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

96.     Defendants failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Plaintiffs' spread of hours exceeded ten hours, in violation of NYLL §§ 650 *et seq*. and N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

97.     Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

98.     Plaintiffs were damaged in an amount to be determined at trial.

<u>**FOURTH CAUSE OF ACTION**</u>

**(VIOLATION OF THE NOTICE AND RECORDKEEPING**

**REQUIREMENTS OF THE NEW YORK LABOR LAW)**

99.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

100.    Defendants failed to provide Plaintiffs with a written notice, in English and in each Plaintiffs' primary language, of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

101.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

### (VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW)

102.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

103.    Defendants did not provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL 195(3).

104.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs (including the prospective collective class members);

(c)    Declaring that defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' (and the prospective collective class members') compensation, hours, wages, and any deductions or credits taken

against wages;

(d)    Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiffs (including the prospective collective class members);

(e)    Awarding Plaintiffs (including the prospective collective class members) damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)    Awarding Plaintiffs (including the prospective collective class members) liquidated damages in an amount equal to 100% of their damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)    Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(h)    Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiffs;

(i)    Declaring that defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages; and any deductions or credits taken against wages;

(j)    Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiffs;

(k)    Awarding Plaintiffs damages for the amount of unpaid overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable.

(l)    Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and

recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(m)    Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of spread of hours pay and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(n)    Awarding Plaintiffs (including the prospective collective class members) pre-judgment and post-judgment interest as applicable;

(o)    Awarding Plaintiffs (including the prospective collective class members) the expenses incurred in this action, including costs and attorneys' fees;

(p)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(q)    All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated:  New York, New York
        September 11, 2017

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:    /s/ Michael Faillace_____
       Michael Faillace, Esq.
       60 East 42nd Street, Suite 4510
       New York, New York 10165
       Telephone: (212) 317-1200
       Facsimile: (212) 317-1620
       *Attorneys for Plaintiffs*

- 17 -

# Michael Faillace & Associates, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510                                        Telephone: (212) 317-1200
New York, New York 10165                                          Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

August 28, 2017

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                       Julio Cesar Hernandez

Legal Representative / Abogado:      Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                        28 de agosto de 2017

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

August 29, 2017

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff. **(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name/ Nombre:                          Anselmo Tehuitzil

Legal Representative/ Representante          Michael Faillace & Associates, P.C.
Legal:

Signature/ Firma:

Date/ Fecha:                          August 29, 2017

*Certified as a minority-owned business in the State of New York*